IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| THERESA BARTLOW, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 3:16CV572–HEH |
| ) | |
| MEDICAL FACILITIES OF ) | |
| AMERICA, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**
(Granting Preliminary Approval of Class Settlement)

THIS MATTER is before the Court on a Consent Motion for Preliminary Approval of Class Action Settlement Agreement by Plaintiffs Theresa Bartlow and Robert A. McBride ("Plaintiffs" or "Class Representatives"), and Defendant Medical Facilities of America, Inc. ("Defendant" or "MFA" and collectively the "Parties"). The Parties have submitted a Settlement Agreement (the "Agreement") that the Court has reviewed and finds that it is just and proper and should be approved.

Based upon the Agreement, the record and exhibits therein, and it appearing to the Court that upon preliminary examination, that the proposed settlement is fair, reasonable, and adequate, and that a hearing on the matter should and will be held, after notice to the Class Members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Order and Judgment should be entered in this Action:

It is hereby ORDERED:

1. The Court finds that it has jurisdiction over the subject matter of the Action and over all settling parties hereto.

2. Class Members — Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Action is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following classes of plaintiffs (hereinafter referred to, collectively, as the "Class Members") with respect to the claims asserted in the Action:

Certain Pre-Adverse Action Class: the 146 identified natural persons residing in the United States, including territories and other political subdivisions of the United States, who from July 6, 2014 to the present: (a) were employees of or applicants for employment with MFA, Medical Facilities of North Carolina, Inc., or any related and affiliate facility of either entity (collectively, "MFA, et al."); (b) were the subject of a consumer report used by MFA, et al.; (c) MFA's records show that they were either terminated or denied an offer of employment based on the contents of the consumer report; and (d) did not receive from MFA, et al. a copy of the consumer report and a FCRA summary of rights at least five (5) business days before the date that the employment decision was adjudicated.

Uncertain Pre-Adverse Action Class: up to 92 additional natural persons residing in the United States, including territories and other political subdivisions of the United States, who from July 6, 2014 to the present: (a) were applicants for employment with MFA, et al.; (b) were the subject of a consumer report used by MFA, et al.; (c) MFA's records do not show whether or not they were denied an offer of employment based on the contents of the consumer report; and (d) did not receive from MFA, et al. a copy of the consumer report and a FCRA summary of rights at least five (5) business days before the date the employment decision was adjudicated.

The Settlement Classes shall exclude: (i) all persons who were hired by MFA, et al. after a review of their consumer reports; (ii) all persons who timely and validly request exclusion from the Settlement Classes; (iii) Defendant's attorneys; (iv) Plaintiffs' attorneys; (v) any judge who has presided over either mediation, disposition or appeal, of this case and the members of his/her immediate family and official staff.

3. Class Representatives and Class Counsel Appointment — Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies Plaintiffs Theresa Bartlow and Robert A. McBride as Class Representatives. The Court preliminarily appoints Plaintiffs' Counsel, Leonard A. Bennett, Susan M. Rotkis, and Craig C.

Marchiando of Consumer Litigation Associates, P.C., Kristi Cahoon Kelly and Andrew J. Guzzo of Kelly & Crandall PLC, and E. Michelle Drake and John G. Albanese of Berger & Montague PC as Class Counsel.

    4.    Preliminary Class Certification — The Court preliminarily finds that the Action satisfies the applicable prerequisites for class action treatment under Federal Rule of Civil Procedure 23, namely:

    a.    The Class Members are so numerous that joinder of all of them in the Action is reasonably impracticable;

    b.    There are questions of law and fact common to the Class Members, which predominate over any individual questions;

    c.    The claims of the Plaintiffs are typical of the claims of the Class Members;

    d.    The Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

    e.    Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to the other available methods for a fair and efficient adjudication of this controversy.

    5.    The Court preliminarily finds that the settlement of the Action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate and in the best interest of the Class Members, especially in light of the benefits to the

Class Members, the strength of the Plaintiffs' case, the complexity, expense, and probable duration of further litigation, the risk and delay inherent in possible appeals, and the limited amount of any potential total recovery for the class.

6. Pursuant to the terms of the Agreement, Class Counsel will retain a non-party administrator (the "Class Administrator") to assist in the administration of the settlement and the notification to Class Members. MFA, *et al.* shall be responsible for all costs and expenses for the Class Administrator, which shall be paid in accordance with the terms of the Agreement. The Class Administrator shall be responsible for mailing the approved class action notices and settlement checks to the Class Members. The Court approves RSM US LLP to serve as Class Administrator.

7. Notice — The Court approves the form and substance of the written notices of class action settlement ("Notice"), attached to the Agreement as Exhibits C and D. The proposed form and method for notifying the Class Members of the settlement and its terms and conditions satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds the proposed Notice is clearly designed to advise the Class Members of their rights. In accordance with the Agreement, the Class Administrator shall cause the completed Notices to be mailed to the Class Members as expeditiously as possible, but no later than thirty (30) days after the Court's entry of this Order.

8. Qualified Settlement Fund — The Court approves the establishment of the Settlement Fund described in the Agreement as a Qualified Settlement Fund under Internal Revenue Code section 468B and Treasury Regulations sections 1.468B-1 through 1.468B-5. The

4

Court finds that the Settlement Fund will be established to resolve or satisfy one or more contested or uncontested claims of liability against the Defendant arising out of this action and will be administered by the Class Administrator. The Court shall retain continuing jurisdiction over the Qualified Settlement Fund, pursuant to Treasury Regulation section 1.468B-1(c)(1) and over the Class Administrator.

9. Objections and Opt-Outs

   a. Attendance at the Fairness Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed Class Action Settlement. In the event that this Court grants Final Approval of this Class Action Settlement, the Final Order and Judgment, whether favorable or not, shall include all Class Members who do not request exclusion.

   b. Each Class Member wishing to be heard at the Fairness Hearing or otherwise object to the Settlement, may enter an appearance individually or through counsel and must file with the Court, and serve copies on Class Counsel and Defendant's Counsel of a signed, written submission (1) indicating his or her intention to object; (2) stating the name ("*Theresa Bartlow, et al. v. Medical Facilities of America, Inc.*") and docket number (Civil Action No. 3:16-cv-00572-HEH) of this case, as well as his or her (a) full name, (b) address, (c) telephone number, and (d) email address (if available); (3) setting forth each objection and the basis therefore; and (4) indicating whether he or she intends to appear at the Fairness Hearing. **All such**

5

      **submissions must be filed with the Court and served on Class Counsel and Defendant's Counsel within fifteen (15) days prior to the date of the Final Fairness Hearing.**

  c. Each Class Member wishing to exclude him or herself from the proposed Class Action Settlement must indicate as much in a signed writing ("Opt-Out Request") provided to the Class Administrator per the terms of the Notice specifically stating that he or she wants to be excluded from the Settlement Class(es) and stating the Class Member's (a) full name, (b) address, (c) telephone number, and (d) email address (if available).  **All Opt-Out Requests must be postmarked within fifteen (15) days prior to the date of the Final Fairness Hearing.**

10. Submissions by the Parties, including memoranda in support of the proposed settlement and responses to any objections, shall be filed with the Court no later than seven (7) days prior to the Fairness Hearing.

11. The Agreement and this Order shall be null and void if any of the following occur:

  a. the Court refuses to permanently approve this Settlement or any material part of it;

  b. the Court requires a notice program in addition to or substantially different from that set forth in the Agreement;

  c. the Court orders Defendant to pay attorney's fees with respect to the litigation, other than as provided in the Agreement;

    d.    the Court orders Defendant to pay, with respect to the litigation, any amount above the contribution to the Settlement Funds, other than as provided in the Agreement;

    e.    the Court declines to enter the Judgment in any material respect;

    f.    the size of either Class increases, unless MFA, *et al.* agrees to and does make a proportionate additional payment to the Settlement Fund; and/or

    g.    the Judgment is reversed, vacated, or modified in any material respect by the Fourth Circuit Court of Appeals, the United States Supreme Court, or adverse action being taken by any other trial court or appellate court in any jurisdiction.

If the Agreement and/or this Order are voided per Paragraph 11 of this Order, then the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this Order never entered.

    12.    The Court shall conduct a hearing (the "Fairness Hearing") on **March 27, 2017**, at the Spottswood W. Robinson, III and Robert R. Merhige, Jr. Federal Courthouse, Courtroom 6300, 701 East Broad Street, Richmond, VA 23219, commencing at **10:00 a.m.**, to review and rule upon the following issues:

    a.    Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Federal Rule of Civil Procedure 23;

    b.    Whether the proposed settlement is fundamentally fair, reasonable,

adequate, and in the best interest of the Class Members and should be approved by the Court;

c. Whether the Final Order and Judgment, as provided under the Agreement, should be entered, dismissing the Action with prejudice and releasing the Released Claims against the Released Entities as defined in the Agreement; and

d. To discuss and review any other issues as the Court deems appropriate.

The Fairness hearing may be postponed, adjourned, transferred, or continued without further notice to the Class members.

13. In the event that this Court grants an Order of Final Approval, the Class Administrator shall issue the settlement checks, as provided for by the Agreement and as expeditiously as possible, but no later than ten (10) days after the Effective Date. The Class Administrator will thereafter verify that the checks were mailed.

14. The Court retains continuing and exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

The Clerk is DIRECTED to send a copy of this Order to all counsel of record.

It is so ORDERED.

/s/
Henry E. Hudson
United States District Judge

Date: Jan. 6, 2017
Richmond, VA

8