IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**THERESA BARTLOW**, *et al.*,

    Plaintiffs,

v.                                         Case No.: 3:16cv572

**MEDICAL FACILITIES OF AMERICA, INC.**,

    Defendant.

**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, DISMISSAL OF CLAIMS WITH PREJUDICE, AND AWARDING ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

For the reasons below, Plaintiffs' Motion for Final Approval of Class Action Settlement, Dismissal of Claims With Prejudice, and Award of Attorneys' Fees, Costs, and Class Representative Service Awards (ECF. No. 40) is hereby GRANTED.

Pursuant to Fed. R. Civ. P. 23(e), the Settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby finally approved. The Settlement Agreement and any capitalized, defined terms are hereby incorporated by reference into this Final Order and Judgment Approving Settlement and Dismissing Action ("Order"). Capitalized terms in this Order shall, unless otherwise defined, have the same meaning as in the Settlement Agreement.

Based upon the Stipulation of Settlement and all of the files, records, and proceedings herein, it appears to the Court that the Settlement is fair, reasonable, and adequate. The Court held a hearing on March 27, 2017 at 10:00 a.m., of which the Class was notified by Court-approved, mailed notice. Counsel for the Parties appeared and no other Class Members were in attendance. Following that hearing, the Court makes the following findings and conclusions.

Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court finally certifies the following Settlement Classes:

- Certain Pre-Adverse Action Class: natural persons residing in the United States, including territories and other political subdivisions of the United States, who from July 6, 2014 to the present: (a) were employees of or applicants for employment with MFA, Medical Facilities of North Carolina, Inc., or any related and affiliate facility of either entity (collectively, "MFA, *et al.*"); (b) were the subject of a consumer report used by MFA, *et al.*; (c) MFA's records show that they were either terminated or denied an offer of employment based on the contents of the consumer report; and (d) did not receive from MFA, *et al.* a copy of the consumer report and a FCRA summary of rights at least five (5) business days before the date that the employment decision was adjudicated.

There are 147 individual consumers who comprise this Class.

- Uncertain Pre-Adverse Action Class: additional natural persons residing in the United States, including territories and other political subdivisions of the United States, who from July 6, 2014 to the present: (a) were applicants for employment with MFA, *et al.*; (b) were the subject of a consumer report used by MFA, *et al.*; (c) MFA's records do not show whether or not they were denied an offer of employment based on the contents of the consumer report; and (d) did not receive from MFA *et al.* a copy of the consumer report and a FCRA summary of rights at least five business days before the date the employment decision was adjudicated.

There are 91 individual consumers who comprise this Class.

The Court appoints the Plaintiffs, Theresa Bartlow and Robert A. McBride, as the Class Representatives. The Court finds adequate and appoints as Class Counsel pursuant to Fed. R. Civ. P. 23(g)(1): Leonard A. Bennett, Susan M. Rotkis, and Craig C. Marchiando of Consumer Litigation Associates, P.C.; Kristi C. Kelly and Andrew Guzzo of Kelly & Crandall, PLC; and Eleanor Michelle Drake and John Gerard Albanese of Berger & Montague P.C.

Relative to the Classes, the Court specifically finds:

a. The Classes are so numerous that joinder of all members is impracticable;

b. There are questions of law or fact common to the Classes;

c. The claims of the Named Plaintiffs are typical of the claims of the Classes that the Named Plaintiffs seek to represent;

  d. The Named Plaintiffs and their Counsel will fairly and adequately protect the interests of the Classes;

  e. The questions of law or fact common to members of the Classes, and which are relevant for settlement purposes, predominate over the questions affecting only individual members; and

  f. Certification of the Classes are superior to other available methods for fair and efficient adjudication of the controversy.

Through a Court-approved Settlement Administrator, the Parties notified all Class Members whose addresses could be obtained through reasonable measures of the terms of the proposed Settlement and the Court's Final Fairness Hearing. The Administrator asserts that this notice is presumed to have reached approximately 94% of the Class Members. The Court finds that this notice program was the best practicable under the circumstances, and satisfies the requirements of Rule 23 and due process.

The Court finds that the terms of the Settlement and the Settlement Agreement are fair, reasonable, and adequate, and in the best interest of the Settlement Classes. Accordingly, the Settlement Agreement is finally approved and shall govern all issues concerning the Settlement and all rights of the Parties, including Settlement Class Members. The Court finds that the Settlement provides Class Members with genuine cash relief in exchange for a proportionate release of claims.

No Class Members have objected to the Settlement in writing, and none raised oral objections at the Fairness Hearing. Additionally, no Class Members have excluded themselves from the Settlement.

Having considered Plaintiffs' request for an agreed-upon Service Award of $3,000 each for the Named Plaintiffs, the Court concludes that the awards are appropriate. No Class Members

have objected to the request, and Defendant does not oppose it. Such awards are commonplace in class actions in this District and elsewhere, and the Court finds Plaintiffs have earned the Awards by prosecuting this case, answering discovery, and keeping up-to-date on the case status through conferences with their Counsel. The Court orders this $6,000 payment to be made from the Settlement Fund.

Upon consideration of the request for approval of a *cy pres*, the Court finds that the Central Virginia Legal Aid Society is an appropriate *cy pres* recipient. Any funds that remain in the Settlement Fund after the stale date following the distribution of the Settlement Fund and the payment of unpaid costs shall be distributed by the Administrator to the Central Virginia Legal Aid Society.

The Court likewise concludes that Plaintiffs' Counsel's requested attorneys' fees and costs of $70,000.00 are reasonable and should be awarded. The award is to be separately paid from the Settlement Fund. Class Counsel's estimated lodestar accumulated in this case reflects an appropriate "cross-check" of such award. No Class Member has objected to the proposed award, and the Defendant does not oppose it. Courts in this District and across the country award amounts in common-fund class actions, and this case is no different.

Defendant has confirmed that it sent the appropriate Class Action Fairness Act ("CAFA") notices on January 10, 2017. There were no objections or comments from the government officials to whom the CAFA notice was sent.

The Court hereby retains jurisdiction over the Parties and the Class to ensure the effective administration of the Settlement.

Plaintiff's claims, and those of Class Members, are hereby dismissed with prejudice in accordance with the Settlement Agreement.

IT IS SO ORDERED.

                                                         /s/
                                 Henry E. Hudson
                                 UNITED STATES DISTRICT JUDGE

Date: March 27, 2017
Richmond, VA